NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GENE SIGAL; L. S., a minor, by and
through her Guardian Ad Litem Gene
Sigal; S. S., a minor, by and through his
Guardian Ad Litem Gene Sigal,

        Plaintiffs-Appellants,

 v.

COUNTY OF LOS ANGELES; LILIA
MERIN; TASHA BEARD; DORIS
LEMIEUX; PRISCILLA ASHBURN;
ANGELA LEE; and CATHY
WEINGART;

        Defendants-Appellees.

No. 18-56085

D.C. No. 2:17-cv-04851-RGK-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted July 7, 2020
Pasadena, California

Before: BERZON and COLLINS, Circuit Judges, and KATZMANN,[**] Judge.

Gene Sigal and his minor children appeal the district court's dismissal of

four of their six § 1983 claims against the County of Los Angeles and several of its

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The Honorable Gary S. Katzmann, Judge for the United States Court of
International Trade, sitting by designation.

employees in connection with the removal of the children from Sigal's home during dependency proceedings in state court.[1]  We affirm.

## I

In their third cause of action, Plaintiffs alleged that on April 18, 2015, Defendant Angela Lee (acting with the approval of her supervisor, Defendant Cathy Weingart) obtained a warrant for the removal of L.S and S.S. through "fraud, misrepresentation, and the exclusion of exculpatory and/or explanatory evidence," thereby violating the children's Fourth Amendment rights and Sigal's Fourteenth Amendment right of familial association.[2]  The fourth cause of action alleged a similar claim against Lee and Weingart in connection with a second warrant for the removal of S.S. on April 24, 2015.  Reviewing de novo, *Frudden v. Pilling*, 877 F.3d 821, 828 (9th Cir. 2017), we conclude that the district court properly granted summary judgment for Lee and Weingart on these claims.

To survive summary judgment on a claim for judicial deception in obtaining a warrant, Plaintiffs were required to show that any misrepresentations or omissions were (1) "material to the finding of probable cause" and (2) "made

---

[1] The complaint alleged six causes of action under § 1983, but Plaintiffs expressly abandoned their fifth cause of action at summary judgment.  The district court dismissed the first cause of action as duplicative of the others, and Plaintiffs do not challenge that ruling on appeal.

[2] The third cause of action also asserted a claim based on the initial hospital hold placed on L.S. on April 14, 2015, but the district court dismissed this aspect of the claim, and Plaintiffs' opening brief does not challenge that ruling.

intentionally or with reckless disregard for the truth." *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011); *see also Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). In this context, "materiality" means that, "had [the social workers] been truthful, the warrant[s] would not have issued." *Butler v. Elle*, 281 F.3d 1014, 1026 (9th Cir. 2002). We agree with the district court that Plaintiffs failed to present sufficient evidence of materiality.

**A**

The district court assumed, and neither side challenges on appeal, that probable cause exists to remove a child when the child faces a "substantial risk of harm." *See generally* CAL. WELF. & INST. CODE § 300 (a child may be adjudged a dependent of the court if there is a "substantial risk" of specified types of harm). The relevant risk of harm that underlay the April 18 warrant to remove L.S. and the April 24 warrant to remove S.S. was that each child had threatened suicide if she or he were to remain with Sigal. There is no dispute that both children made such threats, but Plaintiffs contend that the respective warrant applications contained misrepresentations and omissions that, if corrected, would have undermined the findings of probable cause. We disagree.

Many of the alleged misrepresentations and omissions do not have any real bearing on the credibility of the children's suicide threats, such as the asserted misrepresentation about the number of cases that Lee had handled and the failure

to mention that Trista, the children's mother, had died of a drug overdose. As such, they are not material to whether a substantial risk of suicide existed. Plaintiffs, however, also presented evidence that the warrant applications omitted information that could have undermined the credibility of the children's suicide threats. We agree with the district court that, even if the warrant applications' omissions and misstatements were corrected, any resulting reduction in the credibility of the children's suicide threats would still have been outweighed by the remaining unchallenged information in those applications. Specifically, multiple persons who examined L.S. credited her threats and believed her to be in serious danger, including her school principal, a member of the County's Psychiatric Mobile Response Team ("PMRT"), and a treating therapist. S.S.'s threats of suicide likewise convinced his caregiver, a police officer, and members of the PMRT. Even if the children's credibility issues had been fully disclosed, the state court would have had probable cause to remove them based on the suicide threats. *Liston v. County of Riverside*, 120 F.3d 965, 973 (9th Cir. 1997).

**B**

Plaintiffs also contend that the application for the first warrant as to S.S.—before he had made any suicide threats—failed to establish the requisite probable cause. As noted earlier, the parties agree that probable cause would be met here by a showing of a substantial risk of harm to the child. *See supra* at 3. As to S.S., the

4

relevant risk of harm underlying the *first* warrant application was emotional harm, because that is the gravamen of the factual assertions made as to S.S. in that application. We conclude that, even if the asserted misrepresentations and omissions in that application were corrected, probable cause to remove S.S. would still have remained.

The question before the state court judge who issued the warrant was whether probable cause existed to justify an *immediate* removal of S.S., *i.e.*, a temporary removal that would then be re-examined at a detention hearing a few days later. Given that focus, the facts that are of greatest relevance to the removal determination are those relating to S.S.'s emotional state at the time that the warrant was sought. Plaintiffs did not present any evidence to suggest that the warrant misrepresented Lee's conversations with S.S. on April 14–15. Those conversations indicated that S.S. was emotionally distraught about being back with his father; that S.S. exhibited paranoid behavior; that S.S. wanted to know his home address so that he could call the police; and that Sigal, without knowing why S.S. wanted to know his home address, refused to give it to him. The errors and omissions in the warrant application do not detract from the specific unchallenged facts that were recounted in that application about Lee's conversations with S.S., and we therefore conclude that, even if the warrant had been appropriately

5

corrected, the warrant still adequately established probable cause for an immediate temporary removal of S.S.

Accordingly, we affirm the district court's grant of summary judgment to Lee and Weingart on the third and fourth causes of action.

## II

Plaintiffs also appeal the district court's earlier rulings in which it dismissed, for failure to state a claim, the complaint's second and sixth causes of action and Plaintiffs' claims that the County could be held liable for all of the alleged misconduct under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). We review the decision to grant a motion to dismiss de novo and denial of leave to amend for abuse of discretion. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008).

## A

The sixth cause of action alleged that Lee and Weingart violated Sigal's and L.S.'s constitutional right to have Sigal make medical decisions for L.S., *see Wallis v. Spencer*, 202 F.3d 1126, 1141 (9th Cir. 2000), when Sigal was not included on an April 16, 2015 teleconference call to discuss L.S.'s imminent discharge from the hospital. The district court dismissed this claim because the complaint failed to allege that, during the call, medical "decisions regarding a course of treatment were made and implemented without Sigal's consent." In their opening brief,

6

Plaintiffs contend that the court should have granted leave to plead such facts, but they do not provide any additional allegations that they could have made that would have saved their complaint. Plaintiffs have thus failed to show any abuse of discretion in denying leave to amend.

**B**

Plaintiffs challenge the dismissal of the second cause of action to the extent that it alleged that L.S.'s and S.S.'s Fourth Amendment rights were violated by the actions of the various County employees in connection with an initial removal and related dependency proceedings in 2013. We reject Plaintiffs' contentions.

Plaintiffs assert that the district court wrongly dismissed their claim that Defendant Tasha Beard engaged in judicial deception by allegedly making false statements in both the detention report that supported the initial February 2013 dependency petition and in a warrant application that Beard had filed a few days earlier. According to Plaintiffs, Beard left out both substantial information that would have cast doubt on the credibility of Trista's allegations against Sigal, as well as Sigal's denials of those claims. But as the district court rightly noted, even if these items had been corrected, the state court would still have had sufficient grounds for the actions it took "based on the children's corroborating claims." Indeed, the complaint itself alleges that Trista had "coached" the children "to back her sordid and utterly false stories of abuse."

Plaintiffs' similar claim against Defendant Lilia Merin for her filing of the dependency petition was properly dismissed. As the district court explained, Merin did not represent that she had conducted any investigation of her own, and the complaint contains no allegation that she failed to accurately relay the information that was supplied to her by Beard. Plaintiffs failed to plead any facts that would support an inference that Merin recklessly disregarded the truth by relying upon the detention report that Beard prepared and signed under penalty of perjury. *Bravo*, 665 F.3d at 1083.

Plaintiffs also challenge the dismissal of their judicial deception claims against Defendant Doris Lemieux and her supervisor, Defendant Priscilla Ashburn, in connection with the May 26, 2013 "Jurisdiction/Disposition Report" submitted to the state court.[3] We affirm the district court's dismissal of this claim, although we do so on different grounds from those given by that court. *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020) (stating that we "may affirm on any ground supported by the record"). Because Sigal and Trista pleaded to amended dependency allegations in June 2013, and because those amended allegations were the only basis for the state court's dependency findings, any errors in Lemieux's jurisdictional report were not material to the court's dependency

---

[3] The complaint also refers to the report as being filed on "May 26, 2015," but it is clear from the context that the 2015 date is a typographical error.

8

decision.  *See Butler*, 281 F.3d at 1024 ("A plaintiff 'must . . . establish that but for the dishonesty, the challenged action would not have occurred.'" (quoting *Liston*, 120 F.3d at 972–75)).

C

Because Plaintiffs failed either to plead or prove that any of the individual County employees violated Plaintiffs' constitutional rights, Plaintiffs' *Monell* claims against the county necessarily failed.  *City of Los Angeles v. Heller*, 475 U.S. 796, 798–99 (1986).  We therefore uphold the dismissal of those claims on this alternative basis.  *See Karasek*, 956 F.3d at 1104.

**AFFIRMED.**